RAYE, P. J.
While I concur with the majority opinion, which responds in depth to the many arguments put forth by appellants, the simple but crucial question is whether the language of “Marsy’s Law” (Prop. 9, the Victim’s Bill of Rights Act of 2008, adopted by voter initiative effective Nov. 5, 2008; Cal. Const., art. I, § 28) is broad enough to encompass the exercise of a governor’s clemency authority. It is not. And no amount of lexicological alchemy, no matter how well intentioned, permits the language to be stretched, manipulated, and tortured to reach what to some would be a “correct” result.
Marsy’s Law applies to “proceedings” and to the “parole process.” Parole is not clemency. Clemency is not a proceeding but an act of grace by a *431 governor. While a governor may choose to constrain his or her authority to act by developing procedures for the exercise of clemency, including applications, notices, hearings, and the various accoutrement of administrative proceedings, there is no statutory or constitutional obligation to conduct a “proceeding” of any sort. And even assuming a governor developed such a proceeding, and this Governor did not, it would make no sense to impose Marsy’s Law on such an ephemeral, ad hoc process.
As reprehensible as the Governor’s action in this instance might have been, it would be equally reprehensible to ignore the clear language of a constitutional provision. We are constantly urged to do “justice,” unconstrained by the California and United States Constitutions or anything beyond our own notions of right and wrong as expressed through our findings of legislative intent. That is not how the law works in a constitutional democracy. There is a process for achieving the outcome desired in this case, and the Legislature has already acted to do so in future cases; nothing more can be done.